UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Everling & Laurice Co
1445 Willow St
Norristown, PA 19401

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

SAKS INCorporated
Mr. Michael Brizel SAKS INC
12 E. 49th St New York, NY 10017

Alan Tobman General Manager
2 Bala Place Bala Cynwyd, PA 19004

SAKS 5th Ave Retail Stores
Daniel Lauder 2 Bala Place Bala
Cynwyd, PA 19004

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

12  2401

**COMPLAINT**

Jury Trial: ☒ Yes   ☐ No

(check one)

**I.   Parties in this complaint:**

A.  List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name              Everling Laurice Co
           Street Address    1445 Willow St
           County, City      Norristown PA 19401 (Montgomery)
           State & Zip Code
           Telephone Number  610 277 6457

Rev. 10/2009

B.  List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Mr. Michael Brizel (SAKS INC)
Street Address 12 East 49th st
County, City
State & Zip Code New York, NY 10017

Defendant No. 2
Name SAKS INC & Retail stores
Street Address
County, City unknown
State & Zip Code

Defendant No. 3
Name Alan Tobman General Manager
Street Address 2 Bala Plaza
County, City Bala Cynwyd, PA 19004
State & Zip Code

Defendant No. 4
Name Daniel Lawler Manager
Street Address 2 Bala Plaza
County, City 2 Bala Plaza Bala Cynwyd, PA 19004
State & Zip Code

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*
    ☒ Federal Questions    ☐ Diversity of Citizenship

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Copy Rights, Intellectual property Library of Congress USPTO Everling & Laurice Are Registered Trademark

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship __USA__

Defendant(s) state(s) of citizenship __UNKNOWN maybe ITaly__

### III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? __Lower Merion Twsp 333 E. City Ave - Bala Cynwyd Saks SAKS Retail Store__

B. What date and approximate time did the events giving rise to your claim(s) occur? __4/23/12 I walk IN SAKS Browsed Pick up perfume Which has my logo/my Name/my intellectual property property__

C. **[What happened to you?]** Facts: SAKS 5th Ave Stores - wrongful Activity using my Intellectual property Crime - Intentionally-knowingly Sales goods perfume Bottles Boxes with my Name and Intellectual Property Applied to goods Counterfeit trade mark offense IN SAKS 5th Ave - wrongful Activity IN SAKS 5th Ave use IN my Intellectual property SAKS is help commiting intellectual property Crime

**[Who did what?]** SAKS 5th Ave Refuses to Remove Products Knowing that these products are infringing on my USPTO Trade mark

**[Was anyone else involved?]** 1. Police officer Robert Blattner 71 E. Lancaster Ave, Ardmore PA 19003 610 649 1000  2. Manager Daniel Lauler  3. Manager Alan Tobman @ SAKS 5th Ave 2 Bala Cynwyd, PA 19004 610 667 1550

**[Who else saw what happened?]** Police officer Blattner (50) Incident # 12022400081 Attached for your Review ~~Let SAKS~~ Let SAKS 5th Ave Know Product in SAKS has ~~~~ Lables with my intellectual property

## IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

## V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I Need SAKS. TO TAke the products Destroy them ceast & Desist sales of the Bottles Products which has my intellectual property Logo and my NAme

Compensation starts feb 24 2012 $1000.00 A DAY until All Perfume Box & Bottle ARe Removed from AlSAKS stores All Removed A.S.A.P. Now ive Seen my logo on bottles I would like the Domain NAme to be transferred www Laurice, Com Office Blattner Advised SAKS MANagers to contact there legal Dept feb 24 2012 I Everlin Laurice got No Response

April 5 2012 via Reg mail To: MR Michael Brizel SAKS INC 12 E 49th St New York NY 10017 - I got No Response The Are ignoring Everling Laurice I Really Need the Courts help this is Diluting my MARK The good sold By SAKS are Identical to my Registered

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __3__ day of __may 2012__, 20__12__

Signature of Plaintiff _Creshnay Laurice Co___
Mailing Address _1445 willow St_
_Norristown, PA 19401_

Telephone Number _610 277 6957_
Fax Number *(if you have one)* _____
E-mail Address _Call@Laurice company.com_

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____
Inmate Number _____

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

   (a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

   (b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

   (c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

   (d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

   (e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

   Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

| Main Narrative |
|---|
| OFC ROBERT BLATTNER (50) |

02/24/2012 11:19 - 50  OFC ROBERT BLATTNER

  I responded to Saks Fifth Avenue to meet a party regarding a theft or fraud that was not in-progress. Upon arrival in the parking lot I met with the reporting party, who was identified as Everlina Laurice. Laurice confirmed that a crime did not just occur, however she claimed that she is the victim of an ongoing crime that involves Saks. Laurice then advised me of the following: She has a home based business registered as "Everlina Laurice Co." that makes and sells perfumes, soaps, face lotion, jewelry cleaner, and similar items. She also owns the trademark "LAURICE" with the United States Patent and Trademark Office (USPTO). The female owner of another perfume and cologne business in NY, Laurice El Badry Rahme Ltd. or Bond No. 9, recently applied to register the mark "LAURICE", but was denied by the USPTO because it would cause confusion between the companies and their products. Mrs Laurice has been receiving mail and customer return packages at her home office intended for Bond No. 9. Bond No. 9 is also knowingly using the counterfeit mark "LAURICE" on their containers and packaging. These products are being carried and sold by Saks without their knowledge of the trademark offense.

  Mrs Laurice did enter the store prior to my arrival and view her mark on the Bond No. 9 products, but claimed that she did not speak to anyone today or in the past about the matter. She provided me with a typed letter from herself to the General Manager of Saks, Alan Tobman, describing the situation. Mrs Laurice requested that I deliver the letter as she did not want to cause any type of confrontation. A copy will be attached to this police report as well as a copy of the letter from the USPTO about the denial of the mark. Mrs Laurice is alleging that the following crimes are taking place in Saks: 1) counterfeit trademark offense  2) wrongful activity  3) intellectual property theft. She has already been in contact with the USPTO about the matter and was directed by their office to get a local police report from where her mark is being used. The Saks Fifth Avenue in the Bala Cynwyd section of Lower Merion Township is the closest store to her residence. Sergeant Dougherty was advised of the circumstances. I then entered the store with Mrs Laurice and viewed two different Bond No. 9 products with the words "Laurice & Co." printed on them. Mrs Laurice exited the store while I delivered the letter and spoke to the Assistant General Manager of Operations, Daniel Lauler, as Mr Tobman was not available. Mr Lauler accepted the letter and stated that he would advise Mr Tobman and their legal department of the matter. He and Mrs Laurice were advised separately that only an informational report was being taken by police at this time and both subjects were given the LMPD incident number. Mrs Laurice also turned over copies of two black & white photos that she took prior to today showing Bond No. 9 products using her mark "LAURICE".

Everlina Laurice® Co.  Feb 24 2012
1445 Willow St.
Norristow, Pa 19401
clickorcall@hotmail.com

General Manager: Alan Tobman
Owners & Head Quarters
SAKS FIFTH AVENUE
2 Bala Plaza
Bala Cynwyd, PA 19004
610-667-1550

Ladies & Gentlemen
I want to bring to your attention that there is

1. Counterfeit Trademark Offense in [SAKS 5TH AVE. STORES]
2. Wrongful Activity in [SAKS 5TH AVE. STORES]
3. Intellectual property crime in [SAKS 5TH AVE. STORES]

4. Bond 9 intentionally traffics goods in your stores [SAKES 5TH AVE.]

5. Knowingly uses a counterfeit mark {LAURICE} on or in connection
   With goods perfume Bottles, Perfume Boxes, and services

6. I have received Bond 9 mail and or customers returns at my home
   Based business. I have not opened it will be retained for EVIDENCE.

7. My trademark prohibits this unauthorized use of word {LAURICE} CLASS 3

8. ELRahme of Bond 9 was denied the word/name {LAURICE} By the USPTO

10. Today I have provided evidence and REPORTED this CRIME to the local authority.

11. (1) Attachment

 12. (2) C.C. local authority
www.etaskforce.org
www.infragard.net

Sincerely,
EVERLINA   LAURICE ®
*Everlina Laurice Co.*



**Int. Cl.: 3**

**Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52**

**Reg. No. 2,160,168**

**United States Patent and Trademark Office**     Registered May 26, 1998

## TRADEMARK
### PRINCIPAL REGISTER

### EVERLINA LAURICE

HARP, EVERLINA LAURICE (UNITED STATES CITIZEN)
2432 WOODSTOCK AVE.
SWISSVALE, PA 15218

FOR: CLEANING PREPARATIONS FOR JEWELRY, GEMS, EYEGLASSES, SILVERWARE AND FLATWARE; PERFUMES; HAIR SHAMPOO; PERFUMED AND FRAGRANCE SOAPS FOR FACE, HANDS, AND BODY; FACE LOTION; MAKEUP REMOVER; BODY OIL, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 7-15-1994; IN COMMERCE 7-15-1994.

THE NAME IN THE MARK REPRESENTS A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 75-228,565, FILED 1-9-1997.

ANDREW BENZMILLER, EXAMINING ATTORNEY

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**   76/439321

**APPLICANT:**   Laurice El Badry Rahme Ltd.

**\*76439321\***

**CORRESPONDENT ADDRESS:**
    BARBARA H. LOEWENTHAL, ESQ.
    GOTTLIEB, RACKMAN & REISMAN, P.C.
    270 MADISON AVENUE
    NEW YORK, NEW YORK 10016-0601

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**   LAURICE

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number  76/439321

The Office has reassigned this application to the undersigned trademark examining attorney.

Since the opposition to cancel the cited registration has been dismissed with prejudice, the following must be maintained.

### Likelihood of Confusion
Registration was refused under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the mark for which registration is sought so resembles the mark shown in U.S. Registration No. 2160168 as to be likely, when used on the identified goods, to cause confusion, or to cause mistake, or to deceive.
The examining attorney has considered the applicant's arguments carefully but has found them unpersuasive. For the reasons below, the refusal under Section 2(d) is maintained and made FINAL.

The applicant applies to register the mark "LAURICE" for "Fragrances, namely, perfumes, colognes, and room fragrances." The registered mark is EVERLINA LAURICE for "cleaning preparations for jewelry, gems, eyeglasses, silverware and flatware; perfumes; hair shampoo; perfumed and fragrance soaps for face, hands, and body; face lotion; makeup remover; and body oil."

The applicant argues the marks are not confusingly similar because there are numerous variations of the mark "Laurice" on the Register for similar goods so the scope of protection is narrow. The examining attorney does not agree with this assessment and continues and makes FINAL the Section 2(d) refusal.

The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side#by#side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b). When the applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 108 USPQ 161 (D.C. Cir.), *cert. denied*, 351 U.S. 973, 109 USPQ 517 (1956). TMEP §1207.01(b).

The examining attorney must look at the marks in their entireties under Section 2(d). Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988). TMEP §1207.01(b)(viii). The wording "Laurice" is the most dominant portion of the registered mark, therefore, must be given greater weight in determining likelihood of confusion.

The mere addition of a term to a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *Coca#Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"). TMEP §1207.01(b)(iii). In the applicant's case, the applicant has simply deleted a term from the registered mark. The deletion of the wording would also not be sufficient to overcome likelihood of confusion under Section 2(d).

In ex parte examination, the issue of likelihood of confusion typically revolves around the similarity or dissimilarity of the marks and the relatedness of the goods or services. The other factors listed in du Pont may be considered only if relevant evidence is contained in the record. See *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003) ("Not all of the DuPont factors may be relevant or of equal weight in a given case, and 'any one of the factors may control a particular case,'" quoting *In re Dixie Restaurants, Inc.*, 105 F.3d 1405, 1406-07, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)); *In re National Novice Hockey League, Inc.*, 222 USPQ 638, 640 (TTAB 1984). In an ex parte case, the following factors are usually the most relevant - The number and nature of similar marks in use on similar goods. TMEP section 1207.01.

The applicant argues there are numerous variations of the wording "Laurice" on the Register for similar goods including "Larisse, Lauri Simone, Colaura, Laura Mercier, L Laurent D, Laura Geller, Laura's Choice, Laura, Laurence, Remy Laure, Laura Ashley, Laura Biagiotti and Lauria." However, the appearance, sound, and commercial impression of these marks differ from that of the proposed mark of applicant and the registered mark. The wording "LAURICE" is an extremely strong mark on the Trademark Registry. In fact, there are only three registrations with this wording, one being for clothing, one for artwork, and the registered mark. Therefore, there is only one mark registered containing this wording within

The applicant applies to register the mark "LAURICE" for "Fragrances, namely, perfumes, colognes, and room fragrances." The registered mark is EVERLINA LAURICE for "cleaning preparations for jewelry, gems, eyeglasses, silverware and flatware; perfumes; hair shampoo; perfumed and fragrance soaps for face, hands, and body; face lotion; makeup remover; and body oil."

The applicant argues the marks are not confusingly similar because there are numerous variations of the mark "Laurice" on the Register for similar goods so the scope of protection is narrow. The examining attorney does not agree with this assessment and continues and makes FINAL the Section 2(d) refusal.

The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side#by#side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b). When the applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 108 USPQ 161 (D.C. Cir.), *cert. denied*, 351 U.S. 973, 109 USPQ 517 (1956). TMEP §1207.01(b).

The examining attorney must look at the marks in their entireties under Section 2(d). Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988). TMEP §1207.01(b)(viii). The wording "Laurice" is the most dominant portion of the registered mark, therefore, must be given greater weight in determining likelihood of confusion.

The mere addition of a term to a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *Coca#Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"). TMEP §1207.01(b)(iii). In the applicant's case, the applicant has simply deleted a term from the registered mark. The deletion of the wording would also not be sufficient to overcome likelihood of confusion under Section 2(d).

In ex parte examination, the issue of likelihood of confusion typically revolves around the similarity or dissimilarity of the marks and the relatedness of the goods or services. The other factors listed in du Pont may be considered only if relevant evidence is contained in the record. See *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003) ("Not all of the DuPont factors may be relevant or of equal weight in a given case, and 'any one of the factors may control a particular case,'" quoting *In re Dixie Restaurants, Inc.*, 105 F.3d 1405, 1406-07, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)); *In re National Novice Hockey League, Inc.*, 222 USPQ 638, 640 (TTAB 1984). In an ex parte case, the following factors are usually the most relevant - The number and nature of similar marks in use on similar goods. TMEP section 1207.01.

The applicant argues there are numerous variations of the wording "Laurice" on the Register for similar goods including "Larisse, Lauri Simone, Colaura, Laura Mercier, L Laurent D, Laura Geller, Laura's Choice, Laura, Laurence, Remy Laure, Laura Ashley, Laura Biagiotti and Lauria." However, the appearance, sound, and commercial impression of these marks differ from that of the proposed mark of applicant and the registered mark. The wording "LAURICE" is an extremely strong mark on the Trademark Registry. In fact, there are only three registrations with this wording, one being for clothing, one for artwork, and the registered mark. Therefore, there is only one mark registered containing this wording within