### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVERLINA LAURICE HARP,                          **Case No. 12-2401- ER**
t/d/b/a EVERLINA   & LAURICE,
EVERLINA, AND LAURICE,

        **Plaintiff,**                                    **July 9th 2012**

   **vs.**

LAURICE EL BANDRY RHAME, and
LAURICE EL BANDRY RHAME LTD.,
and SAKS FIFTH AVENUE ENTERPRISES
a division of SAKS INCORPORATED t/d/b/a/
SAKS FIFTH AVENUE,

        **Defendants.**

FILED

JUL - 9

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### AMENDED COMPLAINT IN CIVIL ACTION
### Case No. 12-2401- ER


      **AND NOW**, come the Plaintiff, EVERLINA LAURICE HARP,

t/d/b/a EVERLINA   & LAURICE, EVERLINA, AND LAURICE ,   pro se

sand sets forth this **AMENDED COMPLAINT IN CIVIL ACTION** as follows:

### STATEMENT OF JURISDICTION

1.    This Honorable Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331 and 1338(a) to the extent that the action is

based on violations of the Lanham Act, and has jurisdiction pendent

thereto under 28 U.S.C. § 1338(b) and diversity jurisdiction pursuant to 28

U.S.C. § 1332 because the amount in controversy exceeds the sum or

value of $100,000 exclusive of interest and costs and is between citizens

of different states.

2.    This Honorable Court has subject matter jurisdiction over this action pursuant to the Federal Trademark Dilution Act of 1995 and e Federal Trademark Dilution Act of 2006 28 U.S.C. § 1332to the extent that the action is based on violations of the , and has jurisdiction pendent thereto under 28 U.S.C. § 1338(b) and diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $100,000 exclusive of interest and costs and is between citizens of different states.

3.    This Honorable Court has subject matter jurisdiction over this action pursuant to the Trademark Counterfeiting Act of  1984 to the extent that the action is based on violations of 18 U.S.C. § 2318 and 8 U.S.C. §2320, and has jurisdiction pendent thereto under 28 U.S.C. § 1338(b) and diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $100,000 exclusive of interest and costs and is between citizens of different states

## STATEMENT OF VENUE

4.    Venue properly lies in this Honorable Court pursuant to 28 U.S.C. §§ 1400(a), 1391(b) and (c).

## STATEMENT OF THE CASE

5.    Plaintiff bring this action pursuant to the Lanham Trademark Act, 15 U.S.C. §§ 1051, et seq., and the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. This action is for infringement of a United States trademark and service mark, common law trademark and service marks rights, other violations of the Lanham Act, intentional

interference with existing and prospective business relations, breach of contract, unfair trade practices, and for an accounting.

## PARTIES

6.      Plaintiff is  EVERLINE  LAURICE  HARP,
t/d/b/a  ("Harp"), an adult individual t/d/b/a EVERLINA  & LAURICE,  EVERLINA, AND LAURICE with a principal place of business at 1445 Willow St., Norristown PA 19401.

7.      Defendant is **LAURICE EL BANDRY RHAME ("** Bandry"), an adult individual t/d/b/a   Laurice & Co., with a principal place of business at 9 Bond Street, New York, NY 10012-2313.


8.      Defendant is **LAURICE EL BANDRY RHAME LTD. ("**Bandry")., a New York Corporation, t/d/b/a   Laurice & Co., with a principal place of business at 9 Bond Street, New York, NY 10012-2313

9.      Defendant is **SAKS FIFTH AVENUE ENTERPRISES a division of SAKS INCORPORATED** t/d/b/a/ SAKS FIFTH AVENUE, ("Saks") with a principal place of business at 12 East 49th Street, New York, New York 10017.


## FACTUAL BACKGROUND

10.      Since 1994, Harp has been engaged in the business of developing, marketing, distributing, selling and promoting jewelry cleaning service and polishing product related goods and services, including a variety of perfume products, soaps and face lotions bearing the names, likeness, logos, trademarks, service marks, copyrighted art work and symbolic designs of Harp, and utilizing various alter-egos designated

"Everlina" , "Laurice", " Everlina Laurice" and even her likeness.

11.     Harp is a nationally known wholesaler and retailer of said cleaning and polishing product goods and services, and perfumes, soaps and face lotions and advertises extensively via trade shows, personal appearances, print advertisements, nationally-broadcast infomercials and through the internet.

12.     In order to protect the value of the investment of time and financial resources Plaintiff Harp intended to make into establishing a brand identity and market for the Product, Harp filed for and received a trademark from the United States Patent and Trademark Office. Said trademark was applied for on April      1994 and registered by the USPTO on January 1, 1997.      A true and correct copy of said trademark application is attached hereto as **Exhibit A**."

13.     From the date the aforesaid trademark was granted to the present Harp has traded under and extensively promoted her name    " Everlina Laurice" and additionally "Everlina" , and "Laurice",  and even her likeness at numerous trade shows and events as well as well as  by personal appearance and print and television advertisements.

.

14.     Harp's life is dedicated to the promotion of her name, trademark and products bearing her name and likeness.

15.     Defendants in violation of Harps trademark rights and in disrespect for her name have appropriated ad used both her trademarks and her name for their one use and benefit without considering the harm they are doing to plaintiff.

16.    Plaintiff through legal counsel contacted defendants (see letter Exhibit B) requesting that they stop using her name but they did not even have the courtesy reply; instead they attempted to obtain a trademarking Harp's name which was denied with prejudice by the trademark and patent office:   see Exhibit C attached hereto and made a party hereof;

17.    In an attempt to further protect herself from the defendants Harp obtained an additional trademark in the Name 'LAURICE' which was granted in October 2011 a copy of which is attached hereto and made a part hereof as exhibit D.

18.    Harp has done everything she could do to amicable persuade defendants from continuing to use her name and trademark but they only laugh at her and refuse to enter into meaningful talks thus the present suit.

19.    Despite the foregoing, Defendant Saks ignored the demands of the Plaintiff and continues its   illegal and improper activities in selling Products directly to the customer infringing on the trademarks of the Plaintiff Harp.

20.    Despite notice defendant Bandy continues in a pattern and practice, and has evidenced a settled purpose of continuing to facilitate, permit and engage in the infringement of the Plaintiff Harp's trademarks from mid-2005 to the present.

21.    Continuing from mid-2005 until the present, Defendants   continue and persist in a pattern of willful, defiant, open, notorious brazen and conscious infringement of the trademarks of the Plaintiff Harp, as evidenced defendant Saks continuing to sell produce labeled "Laurice & Co" where there is no such company and Laurice is Harp's

registered trademark.

## COUNT I - LANHAM ACT

### Plaintiffs v. All Defendants

22.     Paragraphs  1  through  21  of  the  foregoing  Complaint  are  hereby incorporated herein by reference thereto as if fully set forth at length.

23    The Defendants have conspired to and are utilizing the names EVERLINA, LAURICE,   and EVERLINA, & LAURICE,   registered trademarks owned by Plaintiff Harp in connection with the marketing and sale of Bond No.9 perfume and related products.

24.     The Defendants use of plaintiff Harp's trademarks and name in connection with their businesses which is not affiliated with the Plaintiff, misrepresents the services offered by the Defendants and is likely to and has in fact confused, misrepresented and deceived others into believing that such services are affiliated with, associated with, sponsored by and/or are the same as the services offered by the Plaintiff.

25.     The Plaintiffs have suffered and will continue to suffer harm to their business operations as a result of these misleading misrepresentations by the Defendants, which harm cannot be remedied solely in an action at law.

26.     Defendants have realized financial gain as a result of the misleading use of defendant Harp's trademarks and name.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enjoin the Defendants Bandry and Saks from conducting marketing or sales activities in   the perfume goods and services industry in the rname of or in any way encompassing the

use of the name defendant Harp's trademarks, or any other name or variant that infringes upon the Plaintiffs' rights; to award the Plaintiffs compensatory damages and to compel an accounting of the revenues and profits gained thereby, together with interest, costs, attorney fees, punitive damages and treble damages.

**JURY TRIAL DEMANDED**

### COUNT II – LANHAM ACT

### Plaintiffs v. All Defendants

27.     Paragraphs 1 through 26 of the foregoing Complaint are hereby incorporated herein by reference thereto as if fully set forth at length.

28.     The Defendants are conducting business in the perfume and scent industry using the Plaintiffs' business and reputation.

29.     The Defendants' use of the name LAURICE in connection with a business not affiliated with the Plaintiff misrepresents the services offered by the Defendants by implying that such services are the same as those offered by the Plaintiff.

30.     The Plaintiffs have and will continue to suffer commercial injury based upon the Defendants' misrepresentations as to the origins of the Defendants' services, which injury cannot be remedied solely in an action at law.

31.     The injuries suffered by the Plaintiff are a direct result of the Defendants' competitive services.

32.     Defendants have realized a financial gain as a result of their misrepresentations regarding their affiliation with the Plaintiff.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enjoin the

Defendants Saks and Bandry from conducting marketing or sales activities in the perfume and scent and services industry in the name of or in any way encompassing the use of the name LAURICE, or any other name or variant that infringes upon the Plaintiffs' trademarks and rights; to award the Plaintiffs compensatory damages and to compel an accounting of the revenues and profits gained thereby, together with interest, costs, attorney fees, punitive damages and treble damages.

**JURY TRIAL DEMANDED**

## COUNT III –VIOLATION OF U/S/ TRADEMARK COUNTERFEITING STATUTE

### Plaintiffs v.

### All Defendants

33.    Paragraphs 1 through 32 of the foregoing Complaint are hereby incorporated herein by reference thereto as if fully set forth at length.

34.    The Defendants intend to profit from the counterfeiting of plaintiff's trademarks, that   identical to Plaintiffs' trademarks.

35.    Plaintiffs have suffered and will continue to suffer harm by the Defendants' use of the name Laurice & Co. which harm cannot be remedied solely in an action at law.

36.    The Defendants have realized a financial gain as a result of their misleading use of the name Laurice & Co.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enjoin the Defendants Saks and Bandry from conducting marketing or sales activities in the the perfume and scent services industry in the name of or in any way encompassing the use of the name Laurice & Co., or any other name or variant that infringes upon the Plaintiffs' rights; to award the Plaintiffs compensatory and treble damages and to compel an accounting of the revenues and profits gained thereby, together with interest, costs, attorney fees, punitive damages and treble damages.

**JURY TRIAL DEMANDED**


## COUNT IV – COMMON LAW UNFAIR COMPETITION

### Plaintiffs v. All Defendants

37.    Paragraphs 1 through 36 of the foregoing Complaint are hereby incorporated herein by reference thereto as if fully set forth at length.

38.    Defendants are conducting business in the perfume and scents goods and services industry using the Plaintiff' business reputation.

39.    Defendants' use of the name Laurice & Co. in connection with the business not affiliated with the Plaintiff misrepresents the services offered by the Defendants by implying that the services are the same as those which are offered by the Plaintiff.

40.    Plaintiff has suffered and will continue to suffer harm by the Defendants' use of the name Laurice & Co. which harm cannot be remedied solely in an action at

law.

41.    The Defendants have realized a financial gain as a result of their misleading use of the domain name Laurice & Co..

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enjoin the Defendants Saks and Bandry from conducting marketing or sales activities in the perfume and scent goods and services industry in the name of or in any way encompassing the use of the name Laurice & Co., or any other name or variant that infringes upon the Plaintiff's rights; to award the Plaintiff compensatory damages and to compel an accounting of the revenues and profits gained thereby, together with interest, costs, attorney fees, punitive damages and treble damages.

**JURY TRIAL DEMANDED**

## COUNT V – FEDERAL TRADEMARK DILUTION ACT
### Plaintiffs v. All Defendants

42.    Paragraphs 1 through 42 of the foregoing Complaint are hereby incorporated herein by reference thereto as if fully set forth at length.

43.    Defendants' use of plaintiff's trademarks and name impairs the mark's distinctiveness..

44.    Defendants' use of plaintiff's trademarks and name impairs the .
mark's distinctiveness and os likely to cause custom confusion in the target marketing audience.

45.    The Plaintiff have been solely and proximately injured by the   actions of the Defendants   both generally and in the loss of sales revenue, royalties, repeat customers, prospective customers and diminution in the value of their trademarks.

.    **WHEREFORE**, Plaintiffs respectfully request this Honorable Court enjoin the Defendants Saks and Bandry from conducting marketing or sales activities in the perfume and sent goods and services industry in the name of or in any way encompassing the use of the name Laurice & Co., or any other name or variant that infringes upon the Plaintiffs' rights; to award the Plaintiffs compensatory damages and to compel an accounting of the revenues and profits gained thereby, together with interest, costs, attorney fees, punitive damages and treble damages.

**JURY TRIAL DEMANDED**


## COUNT VI – INTENTIONAL INTERFERENCE WITH ACTUAL AND PROSPECTIVE BUSINESS RELATIONS

### Plaintiffs v. All Defendants

46.    Paragraphs 1 through 45 of the foregoing Complaint are hereby incorporated herein by reference thereto as if fully set forth at length.

47.    The actions of the Defendants, as aforesaid, were undertaken for the express purpose of interfering with, disrupting, usurping, coveting, converting and owning the business relations of the Plaintiffs   both as to the existing business relations of the Plaintiffs as well as their prospective business relationships.

48.    As a result of the aforementioned actions of the Defendants, the Plaintiffs have been injured, in that they have lost a substantial portion of their existing business relations and have seen the diversion of a substantial portion of their prospective

business relations.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enjoin the Defendants Saks and Bandry from conducting marketing or sales activities in the perfume and sent goods and services industry in the name of or in any way encompassing the use of the name Laurice & Co., or any other name or variant that infringes upon the Plaintiff's rights; to award the Plaintiffs compensatory damages and to compel an accounting of the revenues and profits gained thereby, together with interest, costs, attorney fees, punitive damages and treble damages.

**JURY TRIAL DEMANDED**

## COUNT VII – CIVIL CONSPIRACY

### Plaintiffs v. All Defendants

49.     Paragraphs 1 through 48 of the foregoing Complaint are hereby incorporated herein by reference thereto as if fully set forth at length.

50.     The Defendants, by means of the actions set forth above, conspired among and between themselves for an illegal and improper purpose, to-wit: to injure and destroy the business of the Plaintiff and to convert and usurp the business of the Plaintiff to themselves, and to the detriment of the Plaintiff.

51.     The ultimate goal of the aforementioned conspiracy was to maximize revenue and gain for themselves the benefits of the Plaintiff's efforts.

52.     In so doing, the Defendants abridged, violated and ignored the contractual and legal rights of the Plaintiffs, and willfully and defiantly continued to do so, even after being placed on specific notice to cease and desist.

53.    As a result of the aforementioned actions of the Defendants, the Plaintiff has been injured, in that she has been deprived of a substantial portion of their existing business revenues and have seen the diversion of a substantial portion of their prospective business revenues to the Defendants.


**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enjoin the Defendants Sals and Bandry from conducting marketing or sales activities in the perfume and scent goods and services industry in the name of or in any way encompassing the use of the name Laurice & Co., or any other name or variant that infringes upon the Plaintiffs' rights; to award the Plaintiffs compensatory damages and to compel an accounting of the revenues and profits gained thereby, together with interest, costs, attorney fees, punitive damages and treble damages.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

EVERLINA   LAURICE   HARP,

1445 Willow St.,
Norristown  PA 19401
610-277-6457

EVERLINA LAURICE HARP,                    Case No. 12-2401- ER
t/d/b/a EVERLINA   & LAURICE,
EVERLINA, AND LAURICE,

        Plaintiff,

    vs.

LAURICE EL BANDRY RHAME, and
LAURICE EL BANDRY RHAME LTD.,
and SAKS FIFTH AVENUE ENTERPRISES
a division of SAKS INCORPORATED t/d/b/a/
SAKS FIFTH AVENUE,

        Defendants.

## CERTIFICATE OF SERVICE

I, Everlina Laurice Harp, do hereby certify that I served a true and correct copy of the foregoing **Amended Complaint in Civil Action Case No. 12-2401- ER** upon the following, by first class, prepaid US Postal service mail, on the ___9th___ day of July 2012:

ALL DEFENDANTS C/O

George Gotl ieb
ggottlieb@grr.com
Rachel M. Weiss
rweiss@grr.com
270 Madison Avenue, 8th Floor
New York, New York 10016
(212) 684-3900 Tel.


Everlina Laurice Harp

A.

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 2,160,168

## United States Patent and Trademark Office

Registered May 26, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## EVERLINA LAURICE

HARP, EVERLINA LAURICE (UNITED STATES CITIZEN)
2432 WOODSTOCK AVE.
SWISSVALE, PA 15218

FOR: CLEANING PREPARATIONS FOR JEWELRY, GEMS, EYEGLASSES, SILVER-WARE AND FLATWARE; PERFUMES; HAIR SHAMPOO; PERFUMED AND FRAGRANCE SOAPS FOR FACE, HANDS, AND BODY; FACE LOTION; MAKEUP REMOVER; BODY OIL, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 7-15-1994; IN COMMERCE 7-15-1994.

THE NAME IN THE MARK REPRESENTS A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 75-228,565, FILED 1-9-1997.

ANDREW BENZMILLER, EXAMINING AT-TORNEY



April 5, 2012

*VIA REGISTERED MAIL*

Mr. Michael Brizel
Saks Incorporated
12 East 49th St.
New York, NY 10017

> **RE:**   *Infringement of EVERLINA LAURICE® and LAURICE™*
> *Trademarks by Saks, Incorporated.*

Dear Mr. Brizel:

This firm represents Everlina Laurice and Laurice Co. in trademark and intellectual property matters. For more than a decade, my client has used the brand name and registered mark EVERLINA LAURICE® and the common law mark LAURICE™ in commerce in connection with perfumes and related cosmetic and beauty products, and have marketed, advertised and/or sold these products on websites at *www.everlinalaurice.com; www.lauricecompany.com;* and *www.laurice.co* as well as other locations.

It has recently come to our attention that Saks Inc. ("Saks") has been engaged in selling infringing goods produced under the Bond No. 9 family, presumably by Laurice El Badry Rahme Ltd.  We understand that these goods may have been produced exclusively for Saks.  Infringing products were discovered for sale and being sold by my client during a visit to a Saks Fifth Avenue retail store in the suburban Philadelphia area.

Saks' use of "LAURICE" in commerce is very likely to be confused with my client's registered EVERLINA LAURICE® and common law LAURICE™ marks. The goods sold by Saks in Class 3 are identical to, very similar to, or overlapping with the goods for which the marks are registered and used in commerce.



Mr. Michael Brizel
Saks Incorporated
April 5, 2012

Due to the similarity between the marks and the similarity of the goods, any continued use of LAURICE in connection with perfume and cosmetic products infringes my client's trademark rights because potential consumers will likely be confused and mistakenly assume that the products sold by or available from Saks are somehow affiliated with or originate from my client.

My client is adamant about forcefully protecting its trademarks against infringement, particularly in view of the prior history here. Saks' supplier of the infringing products, Laurice El Badry Rahme Ltd. (producers of the Bond No. 9 goods) and/or its principal(s) previously sought registration of LAURICE from the USPTO and that trademark application was rejected in view of my client's prior registration of EVERLINA LAURICE®. Moreover, Laurice El Badry Rahme Ltd. and/or its principal(s) then unsuccessfully pursued a petition for cancellation of my client's registered mark. That petition was ultimately withdrawn with prejudice. In view of this prior history and the overwhelming evidence of knowledge of my client's marks, the appearance of the infringing products in Saks' stores must be viewed as willful infringement.

Accordingly, we demand that Saks immediately:

- cease and desist all unlawful uses of "LAURICE" including its current use of "LAURICE" or anything confusingly similar thereto in connection with perfume and cosmetic products;

- destroy or re-label within 30 days any perfumes and other cosmetic products containing "LAURICE";

- agree to an inspection to supervise the destruction or transfer of all inventory and unsold products containing "LAURICE";

- agree not to use "LAURICE" or anything confusingly similar thereto in the future in connection with perfume and cosmetic products unless under a valid license;

- provide a detailed accounting of all sales of products and profits made by Saks using "LAURICE" in the packaging or advertisement thereof; and

- make financial restitution to my client for the damages for all infringing sales to date.

In view of the history outlined above, we believe this matter is quite serious and that this letter will receive due attention. However, if we do not receive communication from you by April 26, 2012 indicating your intention to take all steps required to resolve



Mr. Michael Brizel
Saks Incorporated
April 5, 2012

this matter fully, I will recommend to my client that it take the necessary legal action to
protect its intellectual property rights.  I have every reason to believe my client is fully
prepared to take such action, including seeking enhanced monetary damages and
injunctive relief due to Saks' infringing conduct.

Please feel free to call me at 1-920-4-PINNACLE  (i.e., 920-474-6622) or email me
at scott@pinnacleiplaw.com.  I look forward to your response.

Very truly yours,

Scott E. Scioli
Pinnacle IP Strategies, LLC

3

B 4

| 1202240081 | (1) | 4461 - POLICE INFORMATION RECEIVED |

**Main Narrative**
**OFC ROBERT BLATTNER (50)**

02/24/2012 11:19 - 50   OFC ROBERT BLATTNER

I responded to Saks Fifth Avenue to meet a party regarding a theft or fraud that was not in-progress. Upon arrival in the parking lot I met with the reporting party, who was identified as Everlina Laurice. Laurice confirmed that a crime did not just occur, however she claimed that she is the victim of an ongoing crime that involves Saks.  Laurice then advised me of the following:  She has a home based business registered as "Everlina Laurice Co." that makes and sells perfumes, soaps, face lotion, jewelry cleaner, and similar items.  She also owns the trademark "LAURICE" with the United States Patent and Trademark Office (USPTO).  The female owner of another perfume and cologne business in NY, Laurice El Badry Rahme Ltd. or Bond No. 9, recently applied to register the mark "LAURICE", but was denied by the USPTO because it would cause confusion between the companies and their products.  Mrs Laurice has been receiving mail and customer return packages at her home office intended for Bond No. 9.    Bond No. 9 is also knowingly using the counterfeit mark "LAURICE" on their containers and packaging.  These products are being carried and sold by Saks without their knowledge of the trademark offense.

Mrs Laurice did enter the store prior to my arrival and view her mark on the Bond No. 9 products, but claimed that she did not speak to anyone today or in the past about the matter.  She provided me with a typed letter from herself to the General Manager of Saks, Alan Tobman, describing the situation.  Mrs Laurice requested that I deliver the letter as she did not want to cause any type of confrontation.  A copy will be attached to this police report as well as a copy of the letter from the USPTO about the denial of the mark.  Mrs Laurice is alleging that the following crimes are taking place in Saks: 1) counterfeit trademark offense  2) wrongful activity  3) intellectual property theft.  She has already been in contact with the USPTO about the matter and was directed by their office to get a local police report from where her mark is being used.  The Saks Fifth Avenue in the Bala Cynwyd section of Lower Merion Township is the closest store to her residence.  Sergeant Dougherty was advised of the circumstances.  I then entered the store with Mrs Laurice and viewed two different Bond No. 9 products with the words "Laurice & Co." printed on them.  Mrs Laurice exited the store while I delivered the letter and spoke to the Assistant General Manager of Operations, Daniel Lauler, as Mr Tobman was not available.  Mr Lauler accepted the letter and stated that he would advise Mr Tobman and their legal department of the matter. He and Mrs Laurice were advised separately that only an informational report was being taken by police at this time and both subjects were given the LMPD incident number.   Mrs Laurice also turned over copies of two black & white photos that she took prior to today showing  Bond No. 9 products using her mark "LAURICE".

ORIGINAL COPY
DATE: _____
INITIA_____



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

|  |  |
|---|---|
| _____x | |
| Laurice El Badry Rahme, Ltd., | : |
|    dba Laurice & Co., | : |
| | : |
|         Petitioner, | : |
| | : |
|       v. | : |
| | : |
| Everlina Laurice Harp, | : |
| | : |
|         Respondent. | : |
| _____x | |

**Cancellation No. 92042924**
**Reg. No.  2,160,168**

### WITHDRAWAL OF PETITION TO CANCEL WITH PREJUDICE

Petitioner, through its undersigned counsel and in accordance with 37 C.F.R.

Section 2.114(c) hereby requests withdrawal of the Petition to Cancel filed in connection

with Registration No. 2,160,168.

In view of the above, favorable action is requested.

Dated: New York, New York
      March 23, 2005

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Petitioner

By: _____
     Barbara H. Loewenthal
     270 Madison Avenue
     New York, New York 10016
     (212) 684-3900



# United States of America

## United States Patent and Trademark Office

# LAURICE

**Reg. No. 4,157,267**

**Registered June 12, 2012**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

HARP, EVERLINA LAURICE (R) (UNITED STATES INDIVIDUAL), DBA EVERLINA LAURICE (R)
1445 WILLOW STREET.
NORRISTOWN, PA 19401

FOR: CLEANING PREPARATIONS FOR JEWELRY, GEMS, EYEGLASSES, SILVERWARE AND FLATWARE; PERFUMES; AROMATIC BODY CARE PRODUCTS, NAMELY, HAIR SHAMPOO AND SOAP FOR HANDS, FACE, AND BODY; PERFUMES FOR FRAGRANCE SOAPS FOR FACE, HANDS, AND BODY, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52)

FIRST USE 7-15-1994; IN COMMERCE 7-15-1994.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,160,168.

SER. NO. 85-442,760, FILED 10-8-2011.

NAKIA HENRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office





IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
APPLICATION FOR TRADEMARK REGISTRATION

Mark:          LAURICE

Class:         International 3

Applicant:     Laurice El Badry Rahme Ltd. d/b/a Laurice & Co., a
               corporation organized and existing under the laws
               of the State of New York

Address:       9 Bond Street
               New York, NY 10012

To the Hon. Commissioner of Patents and Trademarks:

The above-identified Applicant requests that the trademark shown in the accompanying drawing for:

FRAGRANCES, NAMELY, PERFUMES, COLOGNES AND ROOM FRAGRANCES

in international class 3 be registered in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. § 1051 et seq.).

Applicant has a _bona fide_ intention to use the mark in commerce on or in connection with the above-identified goods. Applicant intends to use the mark as a trademark on the identified goods by applying the mark to labels and packaging for the goods and using the mark in connection with the advertisement and promotion of such goods.

Applicant hereby appoints Barry H. Fishkin, Esq. and John F. Wilk, Esq., c/o Phillips Nizer LLP, 666 Fifth Avenue, New York, New York 10103-0084, members of the Bar of the State of New York, its attorneys herein, with full power of substitution and revocation, to transact all business in the Patent and Trademark Office and in courts in connection herewith.

806881.1



Here is Plinatiffs perfume bottles    and here is Defendants perfume bottles

designations  "Everlina  " and "Laurice ." are identical to, and "substantially

indistinguishable" from  "Everlina Laurice" registered trademark. No. 2,160,168

The "Everlina Laurice" mark consists of two distinct words as seen here





The mere addition of a term to a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d).  *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC").  TMEP §1207.01(b)(iii).  In the applicant's case, the applicant has simply deleted a term from the registered mark.  The deletion of the wording would also not be sufficient to overcome likelihood of confusion under Section 2(d).

The applicant argues the marks are not confusingly similar because there are numerous variations of the mark "Laurice" on the Register for similar goods so the scope of protection is narrow.   The examining attorney does not agree with this assessment and continues and makes FINAL the Section 2(d) refusal. The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a sideâ€˜byâ€˜side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.*, 209 USPQ 179 (TTAB 1980).  The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks.  *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

When the applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 108 USPQ 161 (D.C. Cir.), *cert. denied*, 351 U.S. 973, 109 USPQ 517 (1956).  TMEP §1207.01(b).

The examining attorney must look at the marks in their entireties under Section 2(d).  Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression.  Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion.  *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988).  TMEP §1207.01(b)(viii).  The wording "Laurice" is the most dominant portion of the registered mark, therefore, must be given greater weight in determining likelihood of confusion.

The mere addition of a term to a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *Cocaâ€˜Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.* 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER");   *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN");   *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS");   *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES");   *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS");   *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE");   *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC").   TMEP §1207.01(b)(iii).  In the applicant's case, the applicant has simply deleted a term from the registered mark.  The deletion of the wording would also not be sufficient to overcome likelihood of confusion under Section 2(d).

In ex parte examination, the issue of likelihood of confusion typically revolves around the similarity or dissimilarity of the marks and the relatedness of the goods or services.  The other factors listed in du Pont may be considered only if relevant evidence is contained in the record.  See *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003) ("Not all of the DuPont factors may be relevant or of equal weight in a given case, and 'any one of the factors may control a particular case,'" quoting *In re Dixie Restaurants, Inc.*, 105 F.3d 1405, 1406-07, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)); *In re National Novice Hockey League, Inc.*, 222 USPQ 638, 640 (TTAB 1984).  In an ex parte case, the following factors are usually the most relevant - The number and nature of similar marks in use on similar goods.  TMEP section 1207.01.

The applicant argues there are numerous variations of the wording "Laurice" on the Register for similar goods including "Larisse,  Lauri Simone,  Colaura,  Laura Mercier,  L Laurent D,  Laura Geller,  Laura's Choice,  Laura,  Laurence,  Remy Laure,  Laura Ashley,  Laura Biagiotti and Lauria."  However, the appearance, sound, and commercial impression of these marks differ from that of the proposed mark of applicant and the registered mark.  The wording "LAURICE"  is an extremely strong mark on the Trademark Registry.  In fact, there are only three registrations with this wording, one being for clothing, one for artwork, and the registered mark.  Therefore, there is only one mark registered containing this wording within International Class 3, being the cited mark Registration No. 2160168.

If the goods of the respective parties are closely related, the degree of similarity between marks required to

#2

FEDERAL COURT,

**must resolve any doubt regarding confusion** In re Hyper Shoppes(Ohio), Inc., 837

F.2(d) 463, 6 USPQ 2d 1025 (Fed. Cir.,1988). TMEP ss 1207.01 (d) (i). The reasons for

Plaintiffs' motion are as follows: look at Plaintiffs & Defendants bottles Everlina and Laurice

Trademark Reg.#2,160,168




The proposed mark, LAURICE, and the registered mark, EVERLINA LAURICE, are similar in each of the five factors listed by the court in *DuPont*. The sound of the marks and their commercial meanings are similar. The parties manufacture identical goods, perfumes versus perfumes. Likewise, the consumers of these goods are the same, those interested in perfumes and other fragranced products. Therefore, the consumer is likely to be confused when considering the purchase of these goods from the applicant or the registrant. Any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant. *Lone Star Mfg. Co. v. Bill Beasley, Inc.,* 498 F.2d 906, 182 USPQ 368 (CCPA 1974).



International Class 3, being the cited mark Registration No. 2160168.

If the goods of the respective parties are closely related, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services. *ECI Division of E Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980). The goods of the parties are identical, both being perfumes.

In addition, the registrant is providing "hair shampoo, perfumed and fragrance soaps, face lotion, makeup remover, and body oil." These goods are similar and related to the applicant's perfumes, colognes, and room fragrances. They are related in the sense that manufacturers of fragrances frequently manufacture hair products, soaps, face lotion, makeup remover, and body oil.

Please find various registered marks which show companies that manufacture both fragrances and many of the products provided by the registrant in the office action of August 5, 2003. Toilet preparations of this type are sold through the same trade channels to the same class of purchasers. They are goods of the same descriptive properties which cannot be questioned. It seems apparent that the use of the same or similar marks on such closely related goods would be likely to cause confusion or mistake or deception. TMEP §1207.01(b).

The examining attorney must resolve any doubt regarding a likelihood of confusion in favor of the prior registrant. *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir., 1988). TMEP §§1207.01(d)(i).

For the above noted reasons, the refusal under Section 2(d) of the Trademark Act is continued and made FINAL.

**Applicant's Response**

Please note that the only appropriate responses to a final action are either (1) compliance with the outstanding requirements, if feasible, or (2) filing of an appeal to the Trademark Trial and Appeal Board. 37 C.F.R. Section 2.64(a). If the applicant fails to respond within six months of the mailing date of this refusal, this Office will declare the application abandoned. 37 C.F.R. Section 2.65(a).

*Questions:*

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Lourdes D. Ayala/
Examining Attorney
Law Office 106
(571) 272- 9316
Fax: (571) 273-9106

**HOW TO RESPOND TO THIS OFFICE ACTION:**

- ONLINE RESPONSE:  You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).

- REGULAR MAIL RESPONSE:  To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

T1



All For You!

LAUD PARFUM
SPRAY / VAPORISATEUR
3.9 FL. 00ML ℮
LAURICE & CO. NY NY 10012
MADE IN USA

LAURICE

1/3 fl oz. 9 ml ℮

The test, is whether the counterfeiting of the mark create

the same overall impression of the Plaintiffs, federally registered trademarks.

**Visual Informantion Institute, Inc. v. Vicon Industries Inc., 209 USPQ 179 (TTAB**

**1980).** The focus is on the recollection of the average purchaser who normally

retains a general rather than specific impression of trademarks.  Chemetron

Corp.  v. Morris Coupling & Clamp Co., 203 USPQ 537 (TTAB 1979); Sealed

Air Corp. v. Scott Paper Co., 190 USPQ 106 (TTAB 1975); TMEP ss1207.01

(b) This is "a spurious mark which is identical with and substantially indistinguishable from

Plaintiffs, registered mark." 2,160,168, 1994

 

1. the "Average Purchaser" who normally retains a general rather than specific impression of
Trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed
Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

*T.M.B*

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of Registration No. 2,160,168
Of the mark: EVERLINA LAURICE
Registrant:   Everlina Laurice Harp
-------------------------------------------------X

Laurice El Badry Rahme Ltd.,               :
d/b/a Laurice & Co.,                       :
                                           :
                    Petitioner,            :       Cancellation No.:
                                           :
              v.                           :
                                           :
Everlina Laurice Harp,                     :
                                           :
                    Respondent.            :
-------------------------------------------------X

**02-09-2004**
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #79

02/12/2004 KSOMCHAN 00000072 2160168
01 FC:6401                    300.00 OP          **PETITION TO CANCEL**

          Laurice El Badry Rahme, Ltd., d/b/a Laurice & Co., (hereinafter "Petitioner") through

its attorneys, believing it is and will continue to be damaged by the registration of the

trademark EVERLINA LAURICE of Registration No. 2,160,168, registered to Everlina

Laurice Harp., (hereinafter "Respondent") on May 26, 1998, alleges on knowledge as to

Petitioner and otherwise on information and belief, as follows:

          1.       Petitioner is a corporation organized and existing under the laws of the state

of New York,  with a principal place of  business at 9 Bond Street, New York, New York.

          2.       Respondent is an individual and citizen of the United States, located and

doing business at 1445 Willow Street, Norristown, Pennsylvania 19401.

          3.       Petitioner is the owner of the trademark LAURICE for fragrances, namely,

perfumes, colognes and room fragrances.

          4.       Petitioner is the owner of the following pending trademark application, for

which it is seeking registration on the Principal Register of the United States Patent and

Trademark Office ("USPTO"):